NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3337

BETTY JEAN TURNER,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  January 13, 2005
_____

Before BRYSON, LINN, and DYK, Circuit Judges.

PER CURIAM.

Betty Jean Turner ("Turner") petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the dismissal of her appeal as settled.  Turner v. Dep't of Homeland Security, 95 M.S.P.R. 688 (2004).  Because the Board did not err in finding that Turner's appeal was settled, we affirm.

BACKGROUND

Effective April 25, 2003, Turner was removed from her position as a GS-11 Program Analyst with the United States Coast Guard, which is part of the Department of Homeland Security ("agency"), for unsatisfactory performance.  Turner filed a petition for review with the Board; after the hearing, the parties settled the matter.  As part of their written settlement agreement, the parties agreed to keep Turner in a leave without pay status from April 25, 2003 to January 5, 2004.  Moreover, the parties agreed that

Turner would be placed in a "temporary (minimum of one year; not to exceed one year) position of GS-11 Program Analyst, effective January 5, 2004."

The administrative judge entered the settlement agreement into the record, and in an initial decision dismissed Turner's appeal. Subsequently, Turner filed a petition for review. The Board concluded that Turner had shown no reason for setting aside the settlement agreement, and denied Turner's petition for review. Turner appealed the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

ANALYSIS

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003).

Turner asks that the settlement agreement be set aside on two principal grounds, which we address in turn. First, Turner alleges that, as she discovered in August 2004, the agency breached paragraph 7 of the settlement agreement by including a copy of the "Removal Action (SF-50)" form in her OPF file. Because Turner did not raise this issue before the Board, it is beyond the scope of this appeal, and we decline to consider it in the first instance. Mueller v. U.S. Postal Serv., 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record before the administrative judge." (internal citation omitted)).

04-3337                                                 2

Second, Turner argues that the settlement agreement did not expressly provide all that it was intended to provide and that she should have been restored to her former pay, leave, and benefits status as of April 25, 2003, the effective date of her removal. We conclude that the Board correctly held that the settlement agreement was fully integrated and correctly declined to add the additional terms Turner requested. Turner, 95 M.S.P.R. at 694. An integrated agreement constitutes a final expression of the terms of the agreement. See Restatement (Second) of Contracts § 209(1) (1981). We have previously held that "integration clause[s] create a strong presumption that a contract is, as it purports to be, a fully-integrated agreement. One attempting to add terms to a contract with an integration clause carries an extremely heavy burden in overcoming this attestation to the document's finality and completeness." Rumsfeld v. Freedom NY, Inc., 329 F.3d 1320, 1328 (Fed. Cir. 2003) (internal citations and quotation marks omitted).

Turner cannot overcome the "extremely heavy burden" required by Rumsfeld. The settlement agreement contains the following integration clause:

> By executing this Settlement Agreement, the parties mutually agree to the following terms and conditions, and further agree that these terms and conditions contained herein constitute the full agreement of the parties, and that these terms and conditions shall fully resolve the . . . appeal, and that, except as specified herein, no other promises, conditions or obligations are made by or imposed on the parties.

(emphasis added). A similar provision provided that the parties "understand and fully agree that they will receive no other relief or other consideration beyond that recited in this Settlement Agreement." In addition to these clear provisions, Turner was represented by counsel in negotiating the settlement agreement, which both Turner and

04-3337                                      3

her counsel signed, and should reasonably have known that the settlement agreement constituted the entire agreement of the parties.

As previously noted, the settlement agreement provided that Turner would be deemed placed in leave without pay status from April 25, 2003 to January 5, 2004, and provided with a temporary position "not to exceed one year" beginning January 5, 2004. The settlement agreement contained no provision that Turner would be placed in a position, permanent or temporary, reflecting her former pay, leave, and benefits status. Thus, Turner cannot now ask that this court add these provisions into the settlement agreement or void the agreement because these provisions allegedly should have been included. If Turner wished to be placed in a position reflecting her former pay, leave, and benefits status, she should have bargained for the inclusion of express provisions providing for such benefits in the settlement agreement.

For the foregoing reasons, we decline to set aside the settlement agreement and conclude that the Board correctly dismissed Turner's appeal as settled.