# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAYMOND V. MERCEDES,
            Appellant,

                    v.

DEPARTMENT OF JUSTICE,
            Agency.

DOCKET NUMBER
PH-0752-15-0117-I-1

DATE: February 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Norma T. Mercedes, Esquire, Ayer, Massachusetts, for the appellant.

John T. LeMaster, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant filed the instant Board appeal challenging his removal and requested a hearing. Initial Appeal File (IAF), Tab 1. The administrative judge began to hold the requested hearing, but, in the middle of the hearing, the parties announced that they had settled the appeal. IAF, Tab 26. The parties subsequently submitted an executed settlement agreement. IAF, Tab 28. The agreement provided, inter alia, that the agency would generate an executed Standard Form (SF) 52 indicating that the appellant was removed for his medical inability to perform the duties of his position.[2] *Id*. at 4. The agency would use this form to replace the previously issued SF-50 that indicated that the appellant had been removed for disciplinary reasons. *Id*. at 4. The agreement also stated, "The Appellant agrees to withdraw and/or dismiss with prejudice any current action before any forum . . . including . . . the Equal Employment Opportunity Commission (EEOC) whether related to the above-referenced appeal or not, prior to the date on which the parties execute this Agreement." *Id*. The administrative

---

[2] The settlement agreement stated that an SF-52 is a "'Request for Personnel Action' and is used to generate the final agency action, which is known as an SF-50, 'Notification of Personnel Action.'" IAF, Tab 28 at 4.

judge issued an initial decision in June 2015, finding that: (1) the parties reached a settlement; (2) they understood the terms of the settlement; (3) they agreed that the settlement would be enforced by the Board; (4) the agreement was lawful on its face; (5) the parties entered into the agreement freely and voluntarily; and (6) the subject matter of the appeal was within the Board's jurisdiction. IAF, Tab 30, Initial Decision (ID) at 2. He therefore dismissed the appeal as settled and accepted the settlement agreement into the record for Board enforcement purposes. *Id*.

¶3    In September 2015, the EEOC, Office of Federal Operations (OFO), dismissed the appellant's equal employment opportunity (EEO) complaints because the agency notified OFO that the parties had settled the matters in dispute. Petition for Review (PFR) File, Tab 1, Exhibits (Exs.) B, G-J. The appellant filed a petition for review in October 2015. PFR File, Tab 1. He argues that the settlement agreement was based upon "fraud, misrepresentation, insufficient compensation, and bad faith by the agency" to the extent that the agreement resulted in the dismissal of his EEO complaints. *Id*. at 2-10. He therefore requests that the Board either invalidate the agreement or make clear that the settlement applies only to his Board appeal. *Id*. at 11. He argues that his petition is timely filed because he discovered the agency's fraud in September 2015, when he discovered his EEO complaints were being dismissed. *Id*. at 6.

¶4    In response to the appellant's petition, the Clerk of the Board informed him that his petition appeared to be untimely filed and that he must submit a motion to either accept the filing as timely or waive the time limit for good cause shown. PFR File, Tab 2. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 3. The appellant filed a motion to accept his petition as timely filed. PFR File, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant established good cause for the untimely filing of his petition for review.

¶5     A petition for review must be filed within 35 days after the initial decision was issued, or, if the petitioner shows that he received the initial decision more than 5 days after its date of issuance, within 30 days of his receipt of the initial decision.  5 C.F.R. § 1201.114(e).  The appellant seeks review of an initial decision issued on June 3, 2015, and he has not shown that he received the decision more than 5 days after its issuance.  Thus, the deadline for filing a petition for review in this case was July 8, 2015.  The appellant filed his petition for review on October 19, 2015, more than 3 months late.  PFR File, Tab 1.

¶6     The appellant argues that his petition for review was timely filed because he discovered new evidence after the filing deadline.  *Id*. at 6.  The Board will waive its filing deadline only upon a showing of good cause for the delay in filing.  5 C.F.R. § 1201.114(f).  To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause for the untimely filing of a petition for review, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7     Here, the appellant asserts that he first received notice of the possibility that his EEO complaints would be dismissed on September 14, 2015, and that he received the first dismissal of one of his EEO complaints on September 22, 2015.

PFR File, Tab 1 at 6, Exs. B, G. After the initial notice from OFO, the appellant sent a variety of communications to OFO and the agency in September 2015 and October 2015, inquiring about the possible dismissal of the EEO complaints. PFR File, Tab 1, Exs. C-F. He filed his petition for review on October 19, 2015. We find that the appellant's communications with OFO and the agency and subsequent petition for review constitute a prompt reaction to evidence tending to show that the settlement agreement may have been procured through fraud. *See Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1362-63 (2010) (finding good cause for the appellant's delay in filing a petition for review because he promptly reacted to evidence tending to show that the settlement agreement may have been procured through fraud). Thus, we find that the appellant has established good cause for the delay in filing his petition for review.

The appellant failed to establish that the settlement agreement is invalid.

¶8        A party may challenge the validity of a settlement agreement on the basis that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Brown v. Department of the Interior*, 86 M.S.P.R. 546, ¶ 11 (2000). The party seeking to set aside a settlement agreement bears a heavy burden. *Owen v. U.S. Postal Service*, 87 M.S.P.R. 449, ¶ 7 (2000). Here, the appellant does not challenge the validity of the agreement on the basis that it is unlawful or that he involuntarily entered into the agreement. Therefore, we must determine only whether he established that the settlement agreement is the result of fraud or mutual mistake. For the reasons discussed below, we find that he has failed to do so.

¶9        The appellant argues that he reasonably believed that the settlement agreement applied solely to his Board appeal and that the consideration of changing his SF-50 was provided in exchange for dismissing only his Board appeal. PFR File, Tab 1 at 2, 6. In construing the terms of a written settlement agreement, the words of the agreement itself are of paramount importance in determining the intent of the parties when they contracted, and the Board will not

imply a term into an agreement that is unambiguous. *Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 9 (2005). The appellant's unilateral mistake as to the scope of a particular provision of a settlement agreement does not provide a basis for setting aside the agreement. *Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 18 (2006).

¶10 The EEO complaints that OFO dismissed were pending in June 2015, when the agreement was executed and the complaints were not dismissed until September 2015. PFR File, Tab 1, Exs. B, D, G-J. The agreement plainly states that the appellant agreed to withdraw his EEO complaints that were pending at the time of the agreement. The agreement's statement that it constituted the entirety of the agreement between the parties and that there was adequate consideration further supports our finding that the appellant agreed to withdraw his EEO complaints. *See Turner v. Department of Homeland Security*, 95 M.S.P.R. 688, ¶ 11 (2004) (finding that, because of the existence of a merger clause in the settlement agreement, the appellant's claim regarding additional terms did not provide a basis to invalidate the agreement), *aff'd*, 121 F. App'x 852 (Fed. Cir. 2005). Moreover, we find that the appellant's confusion does not provide a basis for setting aside the agreement, particularly considering the fact that he was represented by counsel. *See Harman v. Department of Defense*, 76 M.S.P.R. 438, 440-41 (finding that the appellant's allegations regarding, inter alia, the Board's jurisdiction over his EEO complaints, did not provide a basis for invalidating a settlement agreement where the appellant was represented by counsel and did not show that he did not fully understand the nature of the agreement).

¶11 The appellant argues that the agency fraudulently induced him into signing the agreement because, inter alia, the agency representative stated that the settlement agreement would apply only to his Board appeal even though the agency knew that he had pending EEO complaints that could be affected by the agreement. PFR File, Tab 1 at 2. He also asserts that the agency attempted to

conceal the fact that his EEO complaints were dismissed because it sent him a letter on June 29, 2015, regarding one of his EEO complaints and did not mention that the complaint had been settled. *Id*. at 9.

¶12    We find that the appellant has failed to establish that the agency fraudulently induced him to sign the agreement. To establish that a settlement agreement resulted from fraud in the inducement, the appellant must show that the agency knowingly concealed a material fact or intentionally misled him. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 7 (2010). First, the June 29, 2015 letter came after the settlement agreement was in effect, so it cannot constitute fraud in the inducement. Further, even assuming that the agency attempted to conceal facts or mislead the appellant regarding the effect of the agreement, the agreement plainly states that it would result in the dismissal of the appellant's pending EEO complaints. IAF, Tab 28 at 4. Thus, we find that a reasonable person would not have been misled by any misrepresentation or omission by the agency. As a result, we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[3]**

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[3] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or the U.S. District Court. This was error, but it does not constitute reversible error, because we notify the appellant of his mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.