**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL J. MIDDLETON,
                    Appellant,

                    v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DE-0752-23-0222-C-1

DATE:  March 5, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephanie Rapp-Tully, Esquire, Washington, D.C., for the appellant.

Brittany Forrester, Esquire, Ladera Ranch, California, for the appellant.

Eric J. Teegarden, Esquire, Fort Mccoy, Wisconsin, for the agency.

John J. Banaghan, Fort Liberty, North Carolina, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of the settlement agreement resolving his underlying Board appeal.  On petition for review, the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

argues that the administrative judge made factual and legal errors in concluding that the agency did not breach the agreement when it generated two Standard Form 50 (SF-50) documents identifying that the appellant was in a leave without pay (LWOP) status. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

In the compliance initial decision, the administrative judge acknowledged pre-agreement emails from the agency stating that there would not be separate SF-50s generated that would indicate any LWOP and offering to include language in the agreement to that effect. Compliance File (CF), Tab 6, Compliance Initial Decision (CID) at 6; CF, Tab 1 at 47-49. However, the administrative judge concluded that this extrinsic evidence was precluded because the agreement was executed without any additional clause specifying that separate LWOP SF-50s would not be generated and there was no evidence that the appellant requested this additional term, despite the agency's offer to include such language. CID at 6. The administrative judge further noted that the agreement contained a merger clause specifying that the written agreement constituted the complete understanding between the parties and there was no evidence that the agreement was incomplete or that the merger clause was the product of fraud or mutual

mistake. CID at 6. On that basis, the administrative judge found it inappropriate to read the pre-agreement communications into the written agreement. CID at 7.

On review, the appellant argues that the language in the agreement regarding his placement on LWOP is vague and so the administrative judge should have considered these pre-agreement emails as evidence of the parties' intentions concerning the issuance of LWOP SF-50s. Compliance Petition for Review (CPFR) File, Tab 1 at 14. The appellant argues that in these pre-agreement emails, the agency affirmatively stated that it did not intend to issue SF-50s placing the appellant into an LWOP status, which the appellant argued was consistent with permitting him to buy back his military time before he voluntarily resigned. *Id.*; CF, Tab 1 at 48.

A settlement agreement is a contract, and the Board will adjudicate an enforcement proceeding relevant to a settlement agreement in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). In construing the terms of a settlement agreement, the Board looks to the words of the agreement itself, which are of paramount importance, and assigns them their ordinary meaning unless the parties intended otherwise. *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 8 (2010) (citing *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988)). The Board will not read a nonexistent term into an agreement that is unambiguous. *Salsbury v. Department of Veterans Affairs*, 96 M.S.P.R. 459, ¶ 5 (2004). Further, the Board has no authority to unilaterally modify the terms of the parties' settlement agreement. *Kelley v. Department of the Air Force*, 50 M.S.P.R. 635, 641 (1991).

"The parol evidence rule precludes the admission of extrinsic evidence 'to modify, supplement, or interpret the terms of an integrated agreement.'" *Nova Grp./Tutor-Saliba v. United States*, 87 F.4th 1375, 1379 (Fed. Cir. 2023) (quoting *Barron Bancshares, Inc. v. United States*, 366 F.3d 1360, 1375 (Fed. Cir. 2004)). The Board will consider parol evidence only if the agreement is ambiguous, meaning that the contested terms are susceptible to at least two differing,

reasonable interpretations. *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010); *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶¶ 8-9, 15 (2001). When an agreement's words and meaning are unambiguous, its terms are not subject to variation. *Flores*, 115 M.S.P.R. 189, ¶ 10; *see Slattery v. Department of Justice*, 590 F.3d 1345, 1347 (Fed. Cir. 2010). Additionally, the fact that an agreement is silent as to a term does not mean it is ambiguous. *De Luna v. Department of the Navy*, 58 M.S.P.R. 526, 530 (1993).

The appellant argues on review that the vague or ambiguous term in the agreement is contained in paragraph 3b, which instructs the agency to "[c]ode Appellant's timecards as [LWOP] status from April 15, 2023 and a period of time not to exceed 180 days from the last signature on the agreement," and that consideration of parol evidence was necessary to determine whether the language instructing the agency to "[c]ode Appellant's timecards," also permitted the agency to issue SF-50s reflecting LWOP status. CPFR File, Tab 1 at 14; *Middleton v. Department of the Army*, MSPB Docket No. DE-0752-23-0222-I-1, Initial Appeal File (IAF), Tab 17 at 5.

However, as the administrative judge observed, it is uncontested that the agency met the technical requirements set forth in paragraph 3b by properly coding the appellant's timecards as LWOP for the relevant period, so there can be no dispute that the parties understood the requirements of this provision and that they are unambiguous. That the appellant and his representative may have believed that this same language precluded the agency from also generating SF-50s reflecting the appellant's status in LWOP does not render the plain terms of the agreement ambiguous. *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 7 (2009) (concluding that an appellant's unilateral mistake as to the scope of the settlement agreement did not provide a basis for considering parol evidence, such as the emails and related arguments, regarding the parties' intentions), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010); *De Luna*, 58 M.S.P.R. at 529-30 (finding that a settlement agreement's silence regarding the agency's alleged oral promise to

increase the appellant's years of service for purposes of retirement did not render the agreement ambiguous and declining to consider parol evidence concerning prior settlement negotiations); *see also Pawlowski v. Department of Veterans Affairs*, 96 M.S.P.R. 353, ¶ 17 (2004) (observing that when an agreement is silent as to a term, that term is removed from the Board's jurisdiction and the Board lacks the authority to unilaterally modify the agreement's material terms). Because the agreement was unambiguous, it was unnecessary for the administrative judge to consider the extrinsic evidence the appellant provided regarding the parties' purported intentions.

We also agree with the administrative judge's alternative conclusion that the existence of a merger clause in the agreement obviated the need to consider the extrinsic evidence regarding the parties' pre-agreement intentions. CID at 6-7. As the administrative judge correctly observed, paragraph 10 of the agreement states as follows:

> This written agreement constitutes the complete understanding between the parties. No other promises or agreements will be binding unless reduced to writing and signed by both parties.

IAF, Tab 17 at 8. The U.S. Court of Appeals for the Federal Circuit has held that this language in an agreement (i.e., a "merger clause") conclusively establishes that integration of the agreement is total, unless the document is obviously incomplete or the merger clause was included as a result of mutual mistake, fraud, or another reason for setting aside the agreement. *Rumsfeld v. Freedom NY, Inc.*, 329 F.3d 1320, 1328–29 (Fed. Cir. 2003); *see McAbee Construction, Inc. v. United States*, 97 F.3d 1431, 1434 (Fed. Cir. 1996) (observing that a party carries an "extremely heavy burden" in overcoming a merger clause, which is an "attestation to the document's finality and completeness"); *Farrero v. National Aeronautics and Space Administration*, 83 M.S.P.R. 487, ¶ 7 (1999) (finding that the appellant did not establish that additional unwritten terms were part of the

settlement agreement that included a merger clause), *aff'd*, 232 F.3d 916 (Fed. Cir. 2000) (Table).

As the administrative judge correctly determined, the settlement agreement on its face is not obviously incomplete, and the appellant has not alleged that any mutual mistake or fraud occurred with respect to the inclusion of the merger clause in the agreement. CID at 6-7. Consequently, we also agree with the administrative judge that the existence of a merger clause disfavors consideration of parol evidence regarding the parties' pre-agreement intentions concerning the allegedly omitted term.[2] *See Turner v. Department of Homeland Security*, 95 M.S.P.R. 688, ¶ 11 (2004) (finding that, because of the existence of a merger clause in the settlement agreement, the appellant's claim regarding additional terms did not provide a basis to invalidate the agreement), *aff'd*, 121 F. App'x 852 (Fed. Cir. 2005); *see also Restatement (Second) of Contracts*, § 216(1), Comment e (observing that a merger clause may "negate the apparent authority of an agent to vary orally the written terms, and if agreed to is likely to conclude the issue whether the agreement is completely integrated," and consequently, "[c]onsistent additional terms may then be excluded even though their omission would have been natural in the absence of such a clause"). Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[2] Additionally, the absence of language in the agreement affirmatively obligating the agency not to generate LWOP SF-50s, despite the agency's offer to include such language in the agreement, may well counsel in favor of a finding that the omission was an intentional contract drafting decision by the parties. CID at 6.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____

                                                 Gina K. Grippando
                                                 Clerk of the Board

Washington, D.C.